```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

H.K. ERICKSON,                  )
          Plaintiff,            )
                                )
     v.                         )   MBD NO.  04-10346-RCL
                                )
CFA, ET AL.,                    )
          Defendants.           )
```

ORDER ON MOTION FOR CERTIFIED COPY OF FILE
AND ELECTRONIC FILING

On December 1, 2004 Plaintiff Erickson, an enjoined litigant, filed a Motion for Leave to File a New Case, accompanied by an Application to Proceed *in forma pauperis* and a copy of Judge Woodlock's Order indicating the prerequisites for filing pleadings in this Court.  Such filings were made in compliance with that Order, and the matter was assigned a Miscellaneous Business Docket number.

That same day, this Court denied the motions, finding that it did not appear from the complaint or otherwise that the court had jurisdiction over the person or parties named as defendants in this case, and that there was a significant question as to whether the allegations made in the proposed complaint stated a claim upon which relief may be granted.

On March 3, 2005, Plaintiff filed a Motion for Certified Copy of File and electronic filing.  In that motion she alleges, *inter alia*, that a document listing her address was missing from the file (the civil action cover sheet).  She

further claims she has had difficulties in receiving electronic notification from this Court as to its actions. She alleges this is a deliberate attempt by this Court to deprive her of notice of actions or inactions of the Court, and she has been prejudiced as a result. She now seeks to have proof of all her filings in this court, "page by page hard copy and electronic..." and claims she is unable to afford the copy costs.

Plaintiff has failed to state her necessity for this documentation. Additionally, Plaintiff fails to demonstrate how she is entitled to free copies of any materials from this Court. Plaintiff's *in forma pauperis* status under §1915 does not entitle her to free copying service or free copies of pleadings filed with this Court. See Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) cert. denied, 379 U.S. 862 (1964); Hullom v. Kent, 262 F.2d 862, 863-64 (6th Cir. 1959)(citing cases)(The statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court records without payment.)[1]  Plaintiff is not eligible for copies under 28 U.S.C. §1915(c)(delineating circumstances

---

[1] Plaintiff is free to view her case files in the records department of the Clerk's Office. There is a charge of 50-cents a page for photocopies. There is a $9.00 charge for certification of any document.

where copy costs may be imposed on the United States).

Accordingly, Plaintiff's Motion for Certified Copy of File is Denied.

With respect to her request to receive electronic notification of all past actions by this Court, the Motion is Denied. The Court is aware that Plaintiff has frequently claimed to have difficulties accessing notifications and documents through this Court's CM/ECF system. The Clerk's Office maintains that Plaintiff is already registered to receive CM/ECF notification, and that her continued problems may be caused by her lack of appropriate software and/or lack of a PACER account.

Accordingly, Plaintiff is directed to confer with the Clerk's Office to determine the current status of her ability to electronically file or receive electronic noticing. To the extent that the Clerk's Office requires a further Order directing that Plaintiff be granted permission to register, re-register, or obtain a new password and login for electronic filing, the Clerk's Office is directed to do so by this Order. This Order is conditioned, however, upon Plaintiff's compliance with all rules and directives of the Clerk's Office with respect to the prerequisites for obtaining electronic filing permission. This includes, but is not limited to,

Plaintiff providing a working e-mail address to the Court; obtaining whatever software is necessary for compatibility with the system (such as Acrobat Reader or Acrobat Writer); and obtaining a PACER account.

The Clerk's Office is not responsible for securing a PACER account for the Plaintiff, and it is Plaintiff's responsibility to ensure that she obtains a PACER account if necessary. The contact information for PACER is www.pacer.uscourts.gov or 1-800-676-6856 or 210-301-6440.

Once Plaintiff has complied with all the other requisites for electronic filing, she may submit in writing a request to the Clerk of Court or Chief Judge Young for an Order to be exempted from the fee requirements of PACER. The Electronic Public Access Fee Schedule allows a Court, upon a showing of cause, to exempt indigents from payment of PACER access fees. See 28 U.S.C. 1914 (district court; filing and miscellaneous fees; rules of court) (electronic public access fee schedule). The Judicial Conference Advisory Notes indicate that exemptions should be granted as the exception, not the rule. Id. at I.  Plaintiff is required to demonstrate that an exemption is necessary to avoid unreasonable burdens and to promote public access to information, addressing the question whether an enjoined litigant should be granted an exemption.

Plaintiff must agree not to sell for profit the data obtained as a result, and she shall specify a certain time period for such exemption, which the Court may revoke at any time. See Id.

Notwithstanding this Order with respect to Plaintiff's ability to electronically file documents and receive electronic notification of Court actions, Plaintiff is advised she remains subject to Judge Woodlock's Order and she must continue to comply with those directives regarding the filing of pleadings in this Court.

DATE: March 29, 2005          /s/ Reginald C. Lindsay
                              REGINALD C. LINDSAY
                              UNITED STATES DISTRICT JUDGE