```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

H.K. ERICKSON,                  )
            Plaintiff,          )
                                )
      v.                        )   MBD NO.  04-10346-RCL
                                )
CFA, ET AL.,                    )
            Defendants.         )
```

ORDER ON MOTION FOR CLARIFICATION
AND ORDER ON VERIFIED MOTION FOR LEAVE TO FILE APPEAL

On December 1, 2004 Plaintiff Erickson, an enjoined litigant, filed a Motion for Leave to File a New Case, accompanied by an Application to Proceed *in forma pauperis* and a copy of Judge Woodlock's Order indicating the prerequisites for filing pleadings in this Court.  Such filings were made in compliance with that Order, and the matter was assigned a Miscellaneous Business Docket number.

That same day, this Court denied the motions, finding that it did not appear from the complaint or otherwise that the court had jurisdiction over the person or parties named as defendants in this case, and that there was a significant question as to whether the allegations made in the proposed complaint stated a claim upon which relief may be granted.

On March 14, 2005, Plaintiff filed 1) a Motion for Clarification, 2) a Motion for Leave to File Notice of Appeal late, based on the assertion that she never received notice of this Court's denial of her Motion for Leave to File; and 3) a

Notice of Appeal.

 It is hereby ORDERED:

1. <u>Plaintiff's Motion for Clarification is Denied</u>. The grounds for denial of the Motion for Leave to file is set forth in this Court's electronic order of December 1, 2004;

2. <u>Plaintiff's Motion for Leave to File Notice of Appeal is Allowed under Rule 4(a)(6) of the Rules of Appellate Procedure</u>. This Court will construe the pleading as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Rules of Appellate Procedure, which provides that the "the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if, *inter alia*, the motion is filed within 180 days after the judgment or order is entered <u>or within 7 days after the moving party receives notice of the entry, whichever is earlier</u>. Fed. R. App. P. 4(a)(6)(emphasis added). The docket reflects that the notice of this Court's action was returned undeliverable to the Plaintiff, but on March 3, 2005, Plaintiff was provided a copy of the December 1, 2004 Order denying the Motion for Leave to file a complaint. The Motion for Leave to File Appeal was filed within the seven (7) day period (in accordance with the computation methods provided in Rule 26). Accordingly, the Plaintiff's Motion for Leave to File an Appeal is Allowed.

3. <u>Leave to appeal *in forma pauperis*</u>. Plaintiff has filed an Application to Proceed *in forma pauperis* in this action (although not specifically in connection with the appeal). To the extent Plaintiff seeks leave to appeal *in forma pauperis*, such request is Allowed.

DATE: March 29, 2005   /s/ Reginald C. Lindsay
            REGINALD C. LINDSAY
            UNITED STATES DISTRICT JUDGE