# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USCA Docket Number:

USDC Docket Number : 04-mc-10346

Heidi K. Erickson

v.

Cat Fanciers Association, et al

## CLERK'S CERTIFICATE

I, Sarah A Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed documents as indicated on the certified copy of the docket and contained in Volume(s) I are the original pleadings and constitute the record on appeal in the above entitled case for the Notice of Appeal filed on 3/14/05.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on April 6, 2005.

Sarah A. Thornton, Clerk of Court

By: *Jeanette Ramos*

Jeanette Ramos, Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: 4/6/05

_____
Deputy Clerk, US Court of Appeals

Please complete the following information:

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

[cv: apprcc.] [cr: kapprec.]

APPEAL

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:04-mc-10346-RCL

Erickson  
Assigned to: Judge Reginald C. Lindsay

Date Filed: 12/01/2004

**Petitioner**

**Heidi Erickson**   represented by   **Heidi Erickson**
P.O. Box 380444
Cambridge, MA 02238-0444
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2004 | 1 | MOTION for Leave to File New Case by Heidi Erickson. (Attachments: # 1 Application to proceed In Without Prepayment of Fees # 2 Supplement J. Woodlock Order# 3 Supplement New Complaint) (Keefe, Deborah) (Entered: 12/01/2004) |
| 12/01/2004 |  | Judge Reginald C. Lindsay : electronic ORDER entered denying 1 Petition for Leave to File New Case by Heidi Erickson. It does not appear from the complaint or otherwise that the court has jurisdiction of the person of the parties named as defendants in this case. Moreover, there is a significant question as to whether the allegations made in the proposed complaint state a claim upon which relief may be granted. (Lindsay, Reginald) (Entered: 12/01/2004) |
| 12/03/2004 |  | Mail Returned as Undeliverable. Mail sent to Heidi Erickson (Stanhope, Don) (Entered: 12/13/2004) |
| 03/03/2005 | 2 | Remark: Heidi Erickson came to the clerk's office and |

| | | |
|---|---|---|
| | | personally informed clerk that her correct address is P.O. Box 380444, Cambridge, MA 02238-0444. The docket reveals that the Court's December 1, 2004 Order was returned to the Court as undeliverable and a document containing a partial copy of the returned mail has been scanned and attached. The clerk updated Ms. Erickson's address in this case and sent to Ms. Erickson a copy of the December Order along with a copy of this notice with attached document. (Morse, Barbara) Modified on 3/3/2005 to correct typo(Morse, Barbara). (Entered: 03/03/2005) |
| 03/03/2005 |  | Remark: Ms. Erickson's address updated in this action from 78 Prentiss Street, Watertown, MA 02472 to P.O. Box 380444, Cambridge, MA 02238-0444. (Morse, Barbara) (Entered: 03/03/2005) |
| 03/03/2005 | 3 | MOTION for Certified Copy of File and Electronic Filing filed by Heidi Erickson.(Stanhope, Don) (Entered: 03/07/2005) |
| 03/14/2005 | 6 | Verified MOTION for Clarification by Heidi Erickson.(Keefe, Deborah) (Entered: 04/04/2005) |
| 03/14/2005 | 7 | Verified MOTION for Leave to File Notice of Appeal by Heidi Erickson.(Keefe, Deborah) (Entered: 04/04/2005) |
| 03/14/2005 | 8 | NOTICE OF APPEAL by Heidi Erickson. $ 255 Reason fee is not required: No FEE TENDERED NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 4/4/2005. (Keefe, Deborah) (Entered: 04/04/2005) |
| 03/29/2005 | 4 | Judge Reginald C. Lindsay : ORDER entered re: 3 Motion Certified Copy of File and Electronic Filing: |

For the reasons stated in the Order Plaintiff's Motion for Certified Copy of File is Denied. With respect to her request to receive electronic notification of all past actions by this Court, the Motion is Denied. The Court is aware that Plaintiff has frequently claimed to have difficulties accessing notifications and documents through this Court's CM/ECF system. The Clerk's Office maintains that Plaintiff is already registered to receive CM/ECF notification, and that her continued problems may be caused by her lack of appropriate software and/or lack of a PACER account. Accordingly, Plaintiff is directed to confer with the Clerk's Office to determine the current status of her ability to electronically file or receive electronic noticing. To the extent that the Clerk's Office requires a further Order directing that Plaintiff be granted permission to register, re-register, or obtain a new password and login for electronic filing, the Clerk's Office is directed to do so by this Order. This Order is conditioned, however, upon Plaintiff's compliance with all rules and directives of the Clerk's Office with respect to the prerequisites for obtaining electronic filing permission. This includes, but is not limited to, Plaintiff providing a working e-mail address to the Court; obtaining whatever software is necessary for compatibility with the system (such as Acrobat Reader or Acrobat Writer); and obtaining a PACER account. The Clerk's Office is not responsible for securing a PACER account for the Plaintiff, and it is Plaintiff's responsibility to ensure that she obtains a PACER account if necessary. The contact information for PACER is www.pacer.uscourts.gov or 1-800-676-6856 or 210-301-6440. Once Plaintiff has complied with all the other requisites for electronic filing, she may submit in writing a request to the Clerk of Court or Chief Judge Young for an Order to be exempted from the fee requirements of PACER. The Electronic Public Access Fee Schedule allows a Court, upon a

| | | |
|---|---|---|
| | | showing of cause, to exempt indigents from payment of PACER access fees. Plaintiff is required to demonstrate that an exemption is necessary to avoid unreasonable burdens and to promote public access to information, addressing the question whether an enjoined litigant should be granted an exemption. Plaintiff must agree not to sell for profit the data obtained as a result, and she shall specify a certain time period for such exemption, which the Court may revoke at any time. Notwithstanding this Order with respect to Plaintiff's ability to electronically file documents and receive electronic notification of Court actions, Plaintiff is advised she remains subject to Judge Woodlock's Order and she must continue to comply with those directives regarding the filing of pleadings in this Court.(Greenberg, Rebecca) (Entered: 03/30/2005) |
| 03/29/2005 | 5 | Judge Reginald C. Lindsay : ORDER ON MOTION FOR CLARIFICATION AND ORDER ON VERIFIED MOTION FOR LEAVE TO FILE APPEAL entered: [Summary of Text: Plaintiff's Motion for Clarification is DENIED. The grounds for denial of the Motion for Leave to file is set forth in this Court's electronic order of December 1, 2004; Plaintiff's Motion for Leave to File Notice of Appeal is ALLOWED under Rule 4(a)(6) of the Rules of Appellate Procedure. Plaintiff has filed an Application to Proceed in forma pauperis in this action (although not specifically in connection with the appeal). To the extent Plaintiff seeks leave to appeal in forma pauperis, such request is ALLOWED.](Greenberg, Rebecca) (Entered: 03/30/2005) |
| 04/04/2005 | | Motions terminated: 6 MOTION for Clarification filed by Heidi Erickson,, 7 MOTION for Leave to Appeal filed by Heidi Erickson,. Pls See #5 (Keefe, Deborah) (Entered: 04/04/2005) |