# Heidi Kristine Erickson

April 8th, 2005

Chief Judge Young
U.S. District Court, District of Massachusetts
1 Court House Way
Boston, MA

MBD-04-10346
RCL

RE: Electronic Public Access Exemption according to Judge Lindsey's Orders;
    Cellular Telephone and Laptop Computer Access Exemption as a reasonable accommodation;
    Electronic Media Training Access

Dear Chief Judge Young:

I am writing you regarding the above referenced and attaching a recent Order issued by Judge Lindsey on March 29th, 2005 (attached). Please refer to page 4 of attached and specifically to the highlighted areas there in as follows:

> *Once Plaintiff has complied with all the other requisites for electronic filing, she may submit in writing a request to the Clerk of Court or Chief Judge Young for an Order to be exempted from the fee requirements of PACER.*

Accordingly, I have meet all the prerequisites and herein finalize my obligations according to Judge Lindsey's Orders as follows:
  a. I have an active PACER account,
  b. Completed training,
  c. I have a active email account and have maintained it since the original Orders allowing my filing electronically.

I require an exemption of fees pursuant to the Judge Lindsey's Orders to avoid unreasonable burdens. If I were expected to cover the cost typically accrued by normal use of PACER I would deprive myself of life's necessities. I have no intentions and promise herein not to resell anything that has been provided via this request for access.

At this time in my life, I am living much of my time out of town and traveling, at times is extremely burdensome. My unhindered access to PACER would greatly effect my information access and allow me to retrieve information faster, without incurring a financial burden that could be life threatening and/or impairing. My access is for the public good when one contemplates that all my pleadings have been filed pro se, by the average individual. A more then likely scenario of the average person subjected to deprivations of justice, committed by those more financially viable, educated, or manipulative. Therefore to deny me a greater public access is to punish assertiveness, self-sufficiency and integrity because in all my previous filings I have been burdened and hindered in the past by financial means, a disability and prejudicial adjudications. Therefore for this court to deny me access in a lesser degree then the average lawyer walking into this court would be to punish the human spirit to rise above defeat and therefore act to hinder public access.

On a separate note in the same vane, I had registered for a seminar given in the Spring of 2004 but Helen Costello removed my registration or denied me the normal access she granted others to attend and in doing so she informed me, promised me that I would be on the top of the list for the very next seminar of the same topic that she informed me would be conducted at least twice a year. The Seminar entitled: 'Electronic Media in the Courtroom. Despite my being on the list and Ms. Costello having my mailing address and telephone number she has refused my enrollment on subsequent seminars.

In addition, I have been relying on this court and accessing it court since 1993 and for much of that time (1993-2005) it could be averaged that my use of the same is on a monthly basis. Over this last year, I have been living out of town and access is a burden but when I do the access it I have been denied the use of my cellular telephone while others performing much of the same work I do are allowed access with theirs and I have been denied the use of my lap top computer which has a word processor and software installed that I use to accommodate a disability I suffer (dyslexia). The Court's restriction is arbitrary and discriminatory in its application to diminish my opportunities and greatly effect my progress. At times I accessed this court more frequently then the average attorney, and have been continuously accessing this court for nearly 15 years including its co-inhabitant facilities but despite the fact that I, on a weekly basis and more then likely more times per year then the average attorney am restricted the use of my cellular telephone and laptop computer (needed for my work and used a accommodation for a disability with its specialized software) discriminatory. I work as a paralegal and my income is dependant on my performance as a paralegal. I have been disabled with dyslexia, documented by a Harvard expert's affidavit provided to this Court on a number of occasions and in a number of different cases. My disability effects my ability to communicate effectively either written and or spoken and accommodations are required. The use of my laptop with its specialized word processor assists me in my writing and my daily life and allows me to be more competitive in a already skewed field. Part of my requested accommodations are the use of a word processor. My laptop has a word processor and software that is useful to accommodate my deficiencies. My cellular telephone and its access is necessary for my work and in all cases other attorney are allowed access with their cellular phones while I doing attempting to perform the same function and at the same level as the those who are allowed access with their cellular phones is arbitrary, discriminatory and tends to effect my performance in an already competitive arena for no realistic and attributable necessary goal.

It appears as if this court is depriving my access in particular to deprive me life's necessities and opportunities including denying me access to register and attend seminars given by this court not only during the spring 2004 but continues today. Attending the opportunities would add to my performance, education, abilities and my respect for the court. But I am deprived and discriminated from access. By these actions any future employer finds me currently unattractive. and potentially damaging to their practice as the Courts actions to discriminate against me for no good reason could effect their ability to access the Court as well. A total misrepresentation and is damaging!

This Courts deliberate deprivation to access these fundamental opportunities, including the accommodations I require all necessary. The Courts actions have greatly impacted my performance, job opportunities and access to fair adjudication and demonstrative of the underlying bias that this District and First Circuit manifest in ignorance against me necessitating and adding proof that I cannot obtain an unbiased and fair access and/or

adjudication from this Court. These concerns, of interfering with Congressional intentions of judiciary are serious and should not be ignored. I have been purposely deprived the use of this court and fair adjudication unlike others who access this court and its facilities. I am asking you for an exemption to this policy and practice intended to deprive me the same and equal treatment others are provided, together with the same exemptions and allowances for the Free Access to my PACER account pursuant to 28 USC 1914; use of my cellular telephone and laptop like others while in the Court House and facilities; and access to educational forums, seminars, and the like including immediate registration into the same.

If this court tends to discriminate against me based on disability, financial assets and other issues as it appears to be doing, including the fact that I am not admitted to any bar and continued deprivation of access and educational opportunities open to others without disabilities this Court's actions to deprive me of access to opportunities that it knows would directly benefit me while allowing others who are not disabled nor burdened by financial constraints or disability a greater opportunity and appreciation is inherently wrong and against public policy. Then this Court suffers a deviation of the Congressional intentions for all Americans who perceive the judiciary as open to all even those with disabilities, and persons of different financial abilities. I in particular reflect a majority of persons, who each year is either, discriminated against by this Court in particular, or are blocked from fair adjudication. I reflect the majority of the population that would come to this court seeking civil redress but are in fact intimidated by the process, the arrogance and the financial impact that burdens the civil redress typically thwarting off the meeker, less assertive individual and therefore my request herein is important for the greater public good.

Sincerely,

Heidi K. Erickson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

H.K. ERICKSON,                )
         Plaintiff,           )
                              )
     v.                       )   MBD NO.   04-10346-RCL
                              )
CFA, ET AL.,                  )
         Defendants.          )

ORDER ON MOTION FOR CERTIFIED COPY OF FILE
AND ELECTRONIC FILING

On December 1, 2004 Plaintiff Erickson, an enjoined litigant, filed a Motion for Leave to File a New Case, accompanied by an Application to Proceed *in forma pauperis* and a copy of Judge Woodlock's Order indicating the prerequisites for filing pleadings in this Court. Such filings were made in compliance with that Order, and the matter was assigned a Miscellaneous Business Docket number.

That same day, this Court denied the motions, finding that it did not appear from the complaint or otherwise that the court had jurisdiction over the person or parties named as defendants in this case, and that there was a significant question as to whether the allegations made in the proposed complaint stated a claim upon which relief may be granted.

On March 3, 2005, Plaintiff filed a Motion for Certified Copy of File and electronic filing. In that motion she alleges, *inter alia*, that a document listing her address was missing from the file (the civil action cover sheet). She further claims she has had difficulties in receiving electronic notification from

4

this Court as to its actions. She alleges this is a deliberate attempt by this Court to deprive her of notice of actions or inactions of the Court, and she has been prejudiced as a result. She now seeks to have proof of all her filings in this court, "page by page hard copy and electronic..." and claims she is unable to afford the copy costs.

Plaintiff has failed to state her necessity for this documentation. Additionally, Plaintiff fails to demonstrate how she is entitled to free copies of any materials from this Court. Plaintiff's *in forma pauperis* status under §1915 does not entitle her to free copying service or free copies of pleadings filed with this Court. See Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) cert. denied, 379 U.S. 862 (1964); Hullom v. Kent, 262 F.2d 862, 863-64 (6th Cir. 1959)(citing cases)(The statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court records without payment.)[1] Plaintiff is not eligible for copies under 28 U.S.C. §1915(c)(delineating circumstances where copy costs may be imposed on the United States).

Accordingly, Plaintiff's Motion for Certified Copy of File is Denied.

---

[1] Plaintiff is free to view her case files in the records department of the Clerk's Office. There is a charge of 50-cents a page for photocopies. There is a $9.00 charge for certification of any document.

With respect to her request to receive electronic notification of all past actions by this Court, the Motion is Denied. The Court is aware that Plaintiff has frequently claimed to have difficulties accessing notifications and documents through this Court's CM/ECF system. The Clerk's Office maintains that Plaintiff is already registered to receive CM/ECF notification, and that her continued problems may be caused by her lack of appropriate software and/or lack of a PACER account.

Accordingly, Plaintiff is directed to confer with the Clerk's Office to determine the current status of her ability to electronically file or receive electronic noticing. To the extent that the Clerk's Office requires a further Order directing that Plaintiff be granted permission to register, re-register, or obtain a new password and login for electronic filing, the Clerk's Office is directed to do so by this Order. This Order is conditioned, however, upon Plaintiff's compliance with all rules and directives of the Clerk's Office with respect to the prerequisites for obtaining electronic filing permission. This includes, but is not limited to, Plaintiff providing a working e-mail address to the Court; obtaining whatever software is necessary for compatibility with the system (such as Acrobat Reader or Acrobat Writer); and obtaining a PACER account.

The Clerk's Office is not responsible for securing a PACER account for the Plaintiff, and it is Plaintiff's responsibility

3

to ensure that she obtains a PACER account if necessary. The contact information for PACER is www.pacer.uscourts.gov or 1-800-676-6856 or 210-301-6440.

Once Plaintiff has complied with all the other requisites for electronic filing, she may submit in writing a request to the Clerk of Court or Chief Judge Young for an Order to be exempted from the fee requirements of PACER. The Electronic Public Access Fee Schedule allows a Court, upon a showing of cause, to exempt indigents from payment of PACER access fees. See 28 U.S.C. 1914 (district court; filing and miscellaneous fees; rules of court) (electronic public access fee schedule). The Judicial Conference Advisory Notes indicate that exemptions should be granted as the exception, not the rule. Id. at I. Plaintiff is required to demonstrate that an exemption is necessary to avoid unreasonable burdens and to promote public access to information, addressing the question whether an enjoined litigant should be granted an exemption. Plaintiff must agree not to sell for profit the data obtained as a result, and she shall specify a certain time period for such exemption, which the Court may revoke at any time. See Id.

Notwithstanding this Order with respect to Plaintiff's ability to electronically file documents and receive electronic notification of Court actions, Plaintiff is advised she remains subject to Judge Woodlock's Order and she must continue to comply

4

with those directives regarding the filing of pleadings in this Court.

DATE: March 29, 2005      /s/ Reginald C. Lindsay
                                        REGINALD C. LINDSAY
                                        UNITED STATES DISTRICT JUDGE